FEDERAL-MOGUL CORP., PLAINTIFF AND PLAINTIFF-INTERVENOR, AND TORRINGTON CO., PLAINTIFF AND PLAINTIFF-INTERVENOR *v.* UNITED STATES, DEFENDANT, AND NTN BEARING CORP. OF AMERICA, AMERICAN NTN BEARING MANUFACTURING CORP., NTN CORP., KOYO SEIKO CO., LTD., KOYO CORP. OF U.S.A., PEER BEARING CO., NSK LTD., NSK CORP., CATERPILLAR INC., MINEBEA CO., LTD., AND NMB CORP., DEFENDANT-INTERVENORS

Consolidated Court No. 91–07–00530 and 91–08–00569

(Dated March 7, 1994)

*Frederick L. Ikenson, P.C. (Frederick L. Ikenson, J. Eric Nissley, Joseph A. Perna, V* and *Larry Hampel)* for plaintiff and plaintiff-intervenor Federal-Mogul Corporation.

*Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., Wesley K. Caine, Christopher J. Callahan, John M. Breen, Geert De Prest, Margaret E.O. Edozien, Lane S. Hurewitz, Patrick J. McDonough, Robert A. Weaver* and *Amy S. Dwyer)* for plaintiff and plaintiff-intervenor The Torrington Company.

*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Velta A. Melnbrencis* and *Jane E. Meehan);* of counsel: *John D. McInerney,* Acting Deputy Chief Counsel for Import Administration, *Dean A. Pinkert, Stephen J. Claeys* and *Craig R. Giesze,* Attorney-

Advisors, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.

*Powell, Goldstein, Frazer & Murphy (Peter O. Suchman, Neil R. Ellis, Susan E. Silver* and *Niall P. Meagher)* for defendant-intervenors Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A.

*Barnes, Richardson & Colburn (Robert E. Burke, Donald J. Unger, Kazumune V. Kano* and *Diane A. MacDonald)* for defendant-intervenors NTN Bearing Corporation of America, American NTN Bearing Manufacturing Corporation and NTN Corporation.

*Coudert Brothers (Robert A. Lipstein, Matthew P. Jaffe, Nathan V. Holt* and *Grace W. Lawson)* for defendant-intervenors NSK Ltd. and NSK Corporation.

*Venable, Baetjer, Howard & Civiletti (John M. Gurley, John C. Dibble* and *Lindsay B. Meyer)* for defendant-intervenor Peer Bearing Company.

*Powell, Goldstein, Frazer & Murphy (Richard M. Belanger, Neil R. Ellis* and *D. Christine Wood)* for defendant-intervenor Caterpillar Inc.

*Arent, Fox, Kintner, Plotkin & Kahn (Michele N. Tanaka* and *Peter Sultan)* for defendant-intervenors Minebea Co., Ltd. and NMB Corporation.

## OPINION

TSOUCALAS, *Judge:* Plaintiff-intervenor, The Torrington Company ("Torrington"), moves pursuant to Rules 1 and 7 of the Rules of this Court for modification of this Court's decision in *Federal-Mogul Corp. v. United States,* 17 CIT 1015, Slip Op. 93–180 (Sept. 14, 1993), asking this Court to remand this case to the Department of Commerce, International Trade Administration ("ITA"), to recalculate all antidumping duty margins without allowing a deduction for pre-sale inland freight in the calculation of foreign market value ("FMV") pursuant to the United States Court of Appeals for the Federal Circuit's ("Federal Circuit") decision in *Ad Hoc Comm. of AZ-NM-TX-FL Producers of Gray Portland Cement v. United States,* No. 93–1239 (Fed. Cir. Jan. 5, 1994). *Motion of The Torrington Company for Modification of Judgment and for Order of Remand ("Torrington's Motion")* at 1–2.

## BACKGROUND

In *Federal-Mogul,* 17 CIT at 1018, Slip Op. 93–180 at 7, this Court stated that:

> The ITA's decision to compare U.S. price to home market price at a contemporaneous point in the chain of commerce is reasonable. *Torrington Co. v. United States,* 17 CIT 199, 215, 818 F. Supp. 1563, 1576 (1993). In this case, the ITA has chosen an ex-factory price as the contemporaneous point in the chain of commerce. In order to make this comparison, certain expenses need to be removed from both U.S. and home market prices. This Court finds nothing unreasonable in the ITA's removal of pre-sale movement expenses from both U.S. and home market prices as measured from the same point in the chain of commerce, in this case ex-factory. *Id.; Ad Hoc Comm.,* 16 CIT at 118–19, 787 F. Supp. at 211–13. This method of treating pre-sale home market movement expenses has also been specifically upheld by this court in a well reasoned opinion in *Nihon Cement Co. v. United States,* 17 CIT 400, 415–17, Slip Op. 93–80 at 30–34 (May 25, 1993).
>
> Therefore, this Court affirms the ITA's deduction of pre-sale movement expenses from FMV.

DISCUSSION

The Federal Circuit in *Ad Hoc Comm.* stated:

> In the circumstances of this case, we believe that had Congress intended to deduct home-market transportation costs from FMV, it would have made that intent clear. FMV and USP [United States price] are intimately related concepts, given full meaning only by their relationship to one another. The Antidumping Act revolves around the difference between the two. *See* 19 C.F.R. § 353.2(f)(1) (1993) (defining dumping margin with reference to USP and FMV). In slightly different forms, the USP provision, 19 U.S.C. § 1677a, and the FMV provision, 19 U.S.C. § 1677b, were passed together as part of the original Antidumping Act, 1921, ch. 14, 42 Stat. 11 (1921). From the Act's beginning, therefore, it is likely Congress has considered one only with reference to the other and has been well aware of any differences between them. That Congress included a deduction for transportation costs from USP but not from FMV leads us to conclude that Congress did not intend pre-sale home-market transportation costs to be deducted from FMV.

*Ad Hoc Comm.,* No. 93–1239 at 7–8 (footnote omitted).

Torrington argues that the Federal Circuit's decision in *Ad Hoc Comm.* "held that the Department of Commerce lacks authority under the circumstance-of-sale provision (19 U.S.C. § 1677b(a)(4)) to adjust foreign market value for pre-sale inland freight expense." *Torrington's Motion* at 2. Therefore, Torrington argues that this Court's decision affirming the ITA's grant of an adjustment to FMV for pre-sale inland freight was in error and this Court should modify its decision on this issue and remand this case back to the ITA ordering the ITA to recalculate all antidumping duty margins without allowing a deduction for pre-sale inland freight in the calculation of FMV. *Id.*

Defendant and defendant-intervenors, Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A. ("Koyo") and NSK Ltd. and NSK Corporation ("NSK"), oppose Torrington's motion. Specifically, defendant and Koyo argue that the Federal Circuit's decision in *Ad Hoc Comm.* only applies to adjustments to FMV for pre-sale inland freight in situations where FMV has been calculated based upon purchase price.[1] Defendant and Koyo point out that the Federal Circuit explicitly limited its decision on this issue to the calculation of FMV based upon purchase price and

---

[1] Purchase price and exporter's sales price ("ESP") are the two types of United States price. USP, purchase price and ESP are defined at 19 U.S.C. § 1677a (1988):

(a) United States price

[T]he term *"United States price"* means the purchase price, or the exporter's sales price, of the merchandise, whichever is appropriate.

(b) Purchase price

"[P]urchase price" means the price at which merchandise is purchased, or agreed to be purchased, prior to the date of importation, from a reseller or the manufacturer or producer of the merchandise for exportation to the United States.

(c) Exporter's sales price

"[E]xporter's sales price" means the price at which merchandise is sold or agreed to be sold in the United States, before or after the time of importation, by or for the account of the exporter * * *.

The purchase price is normally used as USP where the transaction prior to importation is between unrelated parties, or at arm's length. The exporter's sales price will be used as the USP when the U.S. importer and the foreign seller are "related parties." *See* 19 U.S.C. § 1677(13) (1988). The exporter's sales price will be the price at which the merchandise is first sold to an unrelated purchaser in the United States. 19 U.S.C. § 1677a(c).

not when exporter's sales price ("ESP") is used to calculate FMV. *Defendant's Opposition to Plaintiff's Motion to Modify Judgment and for Order of Remand ("Defendant's Opposition")* at 2; *Response of Defendant-Intervenors Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A. to Plaintiff's Motion for Modification of Judgment and for Order of Remand ("Koyo's Response")* at 2.

Koyo points out that the vast majority of its sales during the period of review for this administrative review were ESP transactions and therefore not effected by *Ad Hoc Comm. Koyo's Response* at 2–3.

Defendant and NSK also argue that the Federal Circuit's decision on this issue was based on the ITA's stated rationale for its decision, *i.e.,* the ITA's inherent authority to fill gaps in the statutory framework to achieve the purposes of the statute, and not on the circumstance of sale provision found at 19 U.S.C. § 1677b(a)(4)(B) (1988). *Defendant's Opposition* at 2; *Defendant-Intervenors' Opposition to The Torrington Company's Motion for Modification of Judgment and for Order of Remand* at 2.

Finally, defendant argues that the ITA has not had an opportunity to consider its position on this issue in light of the Federal Circuit's decision in *Ad Hoc Comm.* Defendant requests this Court to remand this issue to the ITA so it can "consider the appellate decision and its impact upon this case and whether other alternatives exist for treatment of pre-sale inland freight expenses." *Defendant's Opposition* at 2.

This Court finds that Torrington's characterization of the Federal Circuit's decision in *Ad Hoc Comm.* is incorrect on certain points. First, the *Ad Hoc Comm.* court specifically noted that it was not ruling on whether the ITA has authority to adjust FMV for pre-sale inland freight pursuant to the circumstance of sale provision at 19 U.S.C. § 1677b(a)(4)(B). *Ad Hoc Comm.,* No. 93–1239 at 5 n.8. Second, the *Ad Hoc Comm.* court limited its decision to the calculation of FMV in purchase price situations only. *Id.* at 5. Therefore, this Court finds that there is no basis for remanding this case to the ITA in regard to situations where FMV was calculated based upon ESP.

It is a cardinal rule of administrative law that an agency should be allowed to decide an issue for itself before a court addresses that issue. *McKart v. United States,* 395 U.S. 185, 194 (1968). This Court agrees with the ITA that it should be given the opportunity to address this issue first in light of the Federal Circuit's decision in *Ad Hoc Comm.*

Therefore, this case is remanded to the ITA to allow the ITA to determine whether it has statutory authority to adjust FMV, calculated using purchase price, for pre-sale inland freight in light of *Ad Hoc Comm.,* No. 93–1239. Remand results are to be filed with this Court within sixty (60) days after the date of entry of this Court's decision regarding the ITA's remand results on the value added tax issue which is currently pending before this Court. Comments or responses by the parties are due within thirty (30) days thereafter. Any rebuttal comments are due within fifteen (15) days of the date responses or comments are due.